

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXX
WILL WILSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Mrs. Peyton Burke
County Auditor
Falls County
Marlin, Texas

Dear Mrs. Burke:

Opinion No. O-6948

Re: Authority of the Commissioners'
Court of Falls County to trans-
fer surplus funds from the
Permanent Improvement Fund to
other funds for specified pur-
poses if voters consent by
election.

Your letter of recent date requesting an opinion from this
department on the above subject matter is as follows:

"I would like to have your opinion on the following question:
Would a County Commissioners' Court have the legal right to
transfer surplus money from the Permanent Improvement Fund to
other funds for specified purposes; namely, for the purchase
of right of way for a state highway, or for the purpose of
supporting the county's share in paying County Agricultural
Agents and County Home Demonstration Agents if the people of
the county signified their desire that such transfers be made
by means of an election?"

We are also in receipt of your letter in answer to our request
for additional information concerning the transfer. The letter
is as follows:

"In reference to my request for an opinion from your office
regarding the transfer of surplus money in the Permanent
Improvement Fund to other funds for specified purposes, I would
like to state that an election on this specific issue is
contemplated; but at the same time it has been proposed that
the tax reallocation for all funds be voted on separate ballots.
The surplus funds now in the Permanent Improvement Fund is
needed in the General Fund for the purpose of paying the County
Agricultural Agents and the County Home Demonstration Agents in
1946, while extra income will be necessary in the Road and Bridge

Fund for the purchase of right of way. Therefore, if possible, the people of Falls County wish to use this surplus money for these specified purposes."

We are herewith enclosing a copy of our Opinion No. 0-6477 which answers your question concerning the tax reallocation election.

In the case of Carroll v. Williams, 202 S.W. 504, the Supreme Court laid down the following rule:

"Going to the real gist of the main issue before us, section 9 of article 8 of our state Constitution, supra, inhibits any and all transfers of tax money from one to another of the several classes of funds therein authorized, and, as a sequence, the expenditure, for the purpose therein defined, of tax money raised ostensibly for another such purpose. The immediate purpose in so prescribing a separate maximum tax rate for each of the classes of purposes there enumerated is, no doubt, to limit, accordingly, the amount of taxes which may be raised from the people, by taxation, declaredly for those several purposes or classes of purposes, respectively. But that is not all. The ultimate and practical and obvious design and purpose and legal effect is to inhibit excessive expenditures for any such purpose or class of purposes. By necessary implication said provisions of section 9 of article 8 were designed, not merely to limit the tax rate for certain therein designated purposes, but to require that any and all money raised by taxation for any such purpose shall be applied, faithfully, to that particular purpose, as needed therefor, and not to any other purpose or use whatsoever."

Based upon the above authority this department has repeatedly held that the Commissioners' Court was without authority to transfer monies from one constitutional fund to some other fund. It will be noted that the Supreme Court said in Carroll v. Williams, supra, that section 9 of Article VIII inhibits "any and all" transfers of tax money from one fund to another.

We know of no authority whereby an election may be held to determine whether or not transfers of surplus money in a constitutional fund may be made. Reallocation elections operate only prospectively. Therefore, it is our opinion that the Commissioners' Court of Falls County does not have the authority to transfer surplus money from the Permanent Improve-

Mrs. Peyton Burke, page 3, O-6948

ment Fund to other funds even if the voters give their con-
sent by an election.

                          Yours very truly,

                  ATTORNEY GENERAL OF TEXAS

                  s/ J. C. Davis, Jr.

                  By
                            J. C. Davis, Jr.
                                 Assistant

                  By
                     s/ John Reeves
                            John Reeves

JR:LJ/cg
Encl.

APPROVED Dec. 5, 1945
s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: Opinion Committee
          By BWB, Chairman